[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Connecticut Light and Power Company brought this action against the defendant Rene Rodriguez for payment of past due utility charges. The matter was referred for trial to a fact finder, who issued a decision after trial, recommending judgment for the plaintiff against the defendant in the amount or $4998.69. The defendant has filed an objection to the report of the fact finder, pursuant to Conn. P. B. § 23-57.
The fact finder found that electrical service was provided to real estate at 49-51 Shultas Place in Hartford. The real estate was owned by R S Realty, Inc., a corporation of which the defendant Rene Rodriguez was the president, the sole shareholder, and the sole employee. During the relevant time, the corporation changed its name to Park Realty, Inc. and then to LaCommunidad, Inc., and the property ownership was transferred accordingly.
The fact finder's report is devoid of any findings that indicate that the defendant Rene Rodriguez personally contracted for the utility services. Likewise, although there is a finding from which one can conclude that the property owner, always a corporate entity, benefitted [benefited] from and was unjustly enriched by the unpaid utility service, there is no finding of fact from which one can conclude that the director, officer, or shareholder of the corporation ought not be entitled to the protections from personal liability for corporate debts provided for in § 33-673(b), 33-765(e), 33-765(d), or if the corporation was dissolved § 33-884(b)(8).
Among the procedures authorized under Conn. P. B. § 23-58
regarding the contested recommendations of fact finders is the ability of the court to remand the case to the fact finder who originally heard the matter for a finding on any issue raised in the objection which was not addressed in the original finding of facts. The defendant's objection raises the issue that the finding is devoid of such subordinate facts as would allow a further finding that the defendant is personally liable for a corporate debt. Such personal liability may exist if there are "exceptional circumstances" such as where the corporation serves "no legitimate purpose and [is] used primarily as an intermediary to perpetuate fraud or promote injustice." SFA Folio Collections.CT Page 1680Inc. v. Bannon, 217 Conn. 220, 230, cert. den. 111 S.Ct.. 2839115 L.Ed.2d 1008 (1991), quoting Angelo Tomasso. Inc. v. ArmorConstruction Paving. Inc., 187 Conn. 544, 557 (1982). But otherwise the principles of the foregoing statutes apply.
The matter is remanded to the fact finder, not to conduct further proceedings, but to supplement the finding with any such additional facts, from the evidence already presented, which might support the fact finder's determination that the defendant is personally liable as a shareholder, director, and officer of the corporation, or is otherwise obligated personally to the plaintiff. The court requests such supplemental findings to be rendered within thirty days.
The matter is remanded to the fact finder pursuant to Conn. Gen. Stat. § 23-58 (5).
_____________________________________ Patty Jenkins Pittman, Judge